IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARQUIS PARC, LLC d/b/a Parc 1000, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:18-CV-05789-AT-JFK |
| MYANIKA LEEBROOKS and All Others, | |
| Defendant. | |

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Myanika Leebrooks' application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review the Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.    Background Facts

Plaintiff Marquis Parc, LLC d/b/a Parc 1000, the owner of the real property commonly known as 1000 Montreal Road 11, Clarkston, Georgia 30021, filed a dispossessory proceeding in the Magistrate Court DeKalb County, Georgia, on or about October 17, 2018, against Defendant Myanika Leebrooks and all others for failure to pay rent which is now past due.[1]  On December 19, 2018, Defendant filed a petition for removal and federal stay of eviction.  [Doc. 1-1 at 1-6 ("Removal")].

---

[1]Along with the notice of removal and federal stay, Defendant filed the notice of a December 19, 2018, trial date for case number 18D60538 (filed 12/11/18) and an order and judgment granting a writ of possession which the DeKalb County magistrate court stayed due to a pending federal bankruptcy petition, In re: Myanika Kawan Lee-Brooks, 18-67805-pmb (Bankr. N.D. Ga. October 23, 2018) (filed 11/7/18), but filed no other pleadings or case documents. [Doc. 1-1 ("Removal") at 7-8].  Section 1446(a) provides in pertinent part, "A defendant . . . shall file in the district court . . . a notice of removal . . . together with a copy of *all* process, pleadings, and orders served upon such defendant . . . ."  28 U.S.C. § 1446(a) (emphasis added).  The Magistrate Court for DeKalb County's on-line docket for 18D60538 identified additional documents filed in the dispossessory case, including, Dispossessory Warrant (filed 10/17/18) (hereinafter "Dispossessory Proceeding") and Return of Service (filed 10/29/18), and reflects the case status as closed as of December 19, 2018.  See https://ody.dekalbcountyga.gov/portal/Home/WorkspaceMode?p=0 (last visited December 27, 2018).  Despite Defendant's non-compliance with § 1446(a), the court does not find it necessary to delay making this report and recommendation that the case be remanded.  See Myers Team Mgmt. v. Manning, 2017 WL 117141, at *2 (N.D. Ga. January 12, 2017) (citing Lex Special Assets, LLC v. Harold, 2010 WL 5108589, at *2 & n.5 (N.D. Ga. November 10, 2010)).

## II.     Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Leebrooks bases the petition for removal of Plaintiff's dispossessory proceeding on the court's federal question jurisdiction. [Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is

3

presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted).  Potential defenses involving the Constitution or laws of the United States are ignored.  Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, the court finds that Plaintiff relied exclusively on state law when filing the dispossessory action in the Magistrate Court of DeKalb County. [Dispossessory Proceeding].  A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50.  See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq.*'") (citation omitted) (emphasis added); see also Fennelly v. Lyons, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same).  "This is an action for possession of premises and past due rent, which are decidedly state-law claims." Retreat LLC v. Chisolm, 2018 WL 3080085, at *4 (N.D. Ga. May 23, 2018), report and recommendation adopted by, 2018 WL 3067843 (N.D. Ga. June 20, 2018).

4

Although Defendant alleges that removal is proper on the basis of federal question jurisdiction and, in the petition, claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the U.S. Constitution [Removal], "the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action." Myers Team Mgmt., 2017 WL 117141, at *2.

There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.

Although Plaintiff does not seek removal based on the pending bankruptcy petition, noted *supra*, pursuant to 28 U.S.C. § 1334, the court will address whether that proceeding supports removal of the dispossessory action. See Baker, 222 F. Supp. 2d at 1297-98. Claims related to a bankruptcy proceeding may be removed to the district court "if such district has jurisdiction of such claim or cause of action under Section 1334." 28 U.S.C. § 1452. Federal courts have original jurisdiction over cases "arising in or related to cases under title 11 [bankruptcy]." 28 U.S.C. § 1334(b). "'Related to' subject matter jurisdiction exists when the result of a dispute could conceivably have an effect on the estate being administered in bankruptcy." Hill v. Re, 574 B.R. 322, 330 (Bankr. N.D. Ga. 2017) (citing In Re Ryan, 276 Fed. Appx. 963, 966 (11th Cir. 2008)). The Eleventh Circuit has held that "[a]n action is related to bankruptcy if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990) (citing Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). A dispossessory action may qualify for "related to" subject matter jurisdiction. See Marks v. Meriden, 2017 WL 4640456, at *2 (N.D. Ga. September 19, 2017) (holding that a dispossessory action is "related to" a bankruptcy action because "the dispossessory proceeding could, and likely will, affect . . . [Defendant's] rights and liabilities in addition to his right of possession, particularly if the Magistrate Court . . . decides to assess fees or a money judgment against Plaintiff or Defendants . . . ."), report and recommendation adopted by 2017 WL 4620848 (N.D. Ga. October 13, 2017).

However, § 1334 also allows the court discretionary abstention from certain matters. 28 U.S.C. § 1334(c)(1) ("nothing in this section prevents a district court in the interest of justice, or in the interest of comity with state courts or respect for State law, from abstaining from hearing a particular proceeding . . . arising in or related to a case under title 11."). Further, § 1452 provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). This is referred to as equitable remand.

6

Meriden, 2017 WL 4640456, at *2 (citing <u>Lester v. TitleMax of S.C., Inc. (In re</u>

<u>TitleMax Holdings)</u>, 447 B.R. 896, 899 (Bankr. S.D. Ga. 2010)).  These doctrines may

be invoked by the Court *sua sponte*.  <u>Id.</u> (citing <u>Lester</u>, 447 B.R. at 899).

Courts consider numerous factors in determining whether permissive abstention

or equitable remand is appropriate, including:

> (1) the effect, or lack of effect, on the efficient administration of the
> bankruptcy estate if discretionary abstention is exercised, (2) the extent
> to which state law issues predominate over bankruptcy issues, (3) the
> difficulty or unsettled nature of the applicable state law, (4) the presence
> of related proceedings commenced in state court or other non-bankruptcy
> courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the
> degree of relatedness or remoteness of the proceedings to the main
> bankruptcy case, (7) the substance rather than the form of an asserted
> "core" proceeding, (8) the feasibility of severing state law claims from
> core bankruptcy matters to allow judgments to be entered in state court
> with enforcement left to the bankruptcy court, (9) the burden on the
> bankruptcy court's docket, (10) the likelihood that the commencement of
> the proceeding in bankruptcy court involves forum shopping by one of
> the parties, (11) the existence of a right to jury trial, (12) the presence in
> the proceeding of non-debtor parties, (13) comity, and (14) the possibility
> of prejudice to other parties in the action.

Meriden, 2017 WL 4640456, at *3 (quoting <u>E.S. Bankest, LLC v. United Beverage</u>

<u>Fla., LLC (In re United Container LLC)</u>, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002));

<u>see also</u> <u>N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp. (In re Maxus Energy</u>

<u>Corp.)</u>, 560 B.R. 111, 124-25 (Bankr. D. Del. 2016) (listing similar factors).  After

assessing and weighing these factors, this Court finds that equity favors remand back to state court.

First, the bankruptcy court has granted Plaintiff Marquis Parc, LLC, relief from the bankruptcy stay and allowed Plaintiff to proceed with the dispossessory proceeding against the debtor, Defendant Leebrooks.  See In re: Lee-Brooks, 18-67805-pmb, Doc. 19, filed December 4, 2018.[2]  This order apparently resulted in the setting of the dispossessory proceeding for trial on December 19, 2018.  [Doc. 1-1 at 7]. Additionally, on December 18, 2018, the Chapter 13 Trustee filed a motion to dismiss the pending bankruptcy petition.  In light of these events, none of the factors listed above support this court retaining jurisdiction over the dispossessory proceeding.

Furthermore, there is no evidence that Defendant could establish jurisdiction based on diversity.  To do so, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000.00.  See 28 U.S.C. § 1332(a)(1).  Defendant provides no information to support a finding that Plaintiff and Defendant are not citizens of the State of Georgia.  As to damages, Plaintiff's dispossessory proceeding seeks the

---

[2]The Court may take judicial notice of Defendant's bankruptcy filings.  United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings); Fed. R. Evid. 201(d) (providing that the court may take judicial notice at any stage of the proceeding).

AO 72A
(Rev.8/82)

ejectment of Defendant from the property due to failure to pay past due rent. [Dispossessory Proceeding].  It is highly improbable that Defendant owes $75,000 in past due rent, fees and court costs. Again, the court looks to Plaintiff's claim to determine whether removal jurisdiction is appropriate. See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001). Nothing in the record before the court shows that the amount in controversy exceeds the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

For these reasons, the court finds that federal jurisdiction does not exist based on Defendant's allegations in the removal documents, that jurisdiction should not be exercised as "related to" the pending bankruptcy proceeding, and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

Defendant also apparently seeks a stay of the dispossessory proceedings and/or eviction.  [Removal].  Defendant is not entitled to a stay of the dispossessory proceedings. See American Homes 4 Rent Properties Eight, LLC v. Dynott, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction

9

proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); U.S. Bank National Ass'n v. Sanders, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); and see CF Lane, LLC v. Stephens, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction").

## III.    Conclusion

Accordingly, because Defendant failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 27th day of December, 2018.


JANET F. KING
UNITED STATES MAGISTRATE JUDGE

10